# N THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **KENNETH ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:16-cv-03147** |
| | ) | **JUDGE CRENSHAW** |
| **NATASHA DAVIS** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Kenneth Roberson, proceeding *pro se*, filed a complaint against Defendants Natasha Davis, M. Seecrest, and D. Young. (Doc. No. 1.) Additionally, Plaintiff filed a document styled "Proceed Without Pay" (Doc. No. 2) that did not comply with the requirements of 28 U.S.C. § 1915(a)(1). On December 21, 2016, the Court issued an order directing Plaintiff to pay the filing fee or to properly apply to proceed *in forma pauperis.* The Court also directed the Clerk to forward to Plaintiff a blank Application to Proceed in District Court without Prepaying Fees or Costs (long form). Plaintiff has not paid the filing fee, nor has he properly applied to proceed *in forma pauperis.* Nevertheless, even if Plaintiff had complied with the Court's December 21, 2016 Order, this action would be dismissed because the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

## I.      FACTUAL ALLEGATIONS

In its entirety, the complaint alleges:

I: a man claim:

The said wrongdoers( s) trespass upon my property;
The causal agent of the trespass, comes by way of its use of a forged instrument, The trespass did and does harm and injury to my property;

The commencement of the wrong and harm began on November 6, 2016;
The wrong and harm continues until this day;
I, require compensation for the initial and continual trespass upon my property; Compensation due: Three-hundred and ninety-one thousand, dollars;

(Doc. No. 1.)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  Begola v. Brown, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).  The Court must construe a *pro se* plaintiff's complaint liberally, Boag v. McDaniel, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

While *pro se* litigants are held to a less stringent standard, they are not, however, exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  The Court is not required to create a claim for the plaintiff.  Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## III.    DISCUSSION

It appears that Plaintiff is complaining about the Defendants trespassing on his property. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. United States v. Horizon Healthcare, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. See City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973); Norris v. Schotten, 146 F.3d 314, 324 (6th Cir. 1998); Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 189 (6th Cir. 1993).

Jurisdiction in this Court is reserved for cases: (1) that "arise under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331; and (2) where the matter in controversy exceeds the sum or value of $75,000 and the action is between (a) citizens of different States; (b) citizens of a State and citizens or subjects of a foreign state; (c) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (d) a foreign state and citizens of a State or of different States, 28 U.S.C. §1332.

Plaintiff has failed to allege facts sufficient for the Court to determine the propriety of exercising jurisdiction. He has not alleged any claims that would satisfy the requirements of 28 U.S.C. § 1331, nor has he alleged any facts to establish any of the requirements set forth in 28 U.S.C. §1332. As such, the Complaint must be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the reasons set forth herein, the Complaint will be dismissed for lack of subject matter jurisdiction. For the same reasons that the Court dismisses this action, the Court finds that an appeal of this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good

faith, and Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order will be entered.

_____

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE